Alvin M. MARKS
and
Depix Corporation, Plaintiffs,

v.

**POLAROID CORPORATION, Defendant.**

Civ. A. No. 53–168.

United States District Court
D. Massachusetts.

Dec. 8, 1964.

Cedric W. Porter, Boston, Mass., for plaintiff Marks.

Donald L. Brown, Brown & Mikulka, Cambridge, Mass., for defendant.

SWEENEY, Chief Judge.

This matter is now before the court on objections filed by both parties to the Master's Report. Counsel waived argument and submitted their objections in the form of briefs.

This case was referred to the Master under Rule 53 of Federal Rules of Civil Procedure on April 1, 1957 directing the Master to "hear the evidence and to report to the court his findings of fact and conclusions of law thereon." On November 14, 1958, the defendant sought to join new parties to the action and it became necessary for the Master to file an "Interlocutory Report." Thereafter, motions were filed by the defendant with this court and these motions were denied on June 5, 1959.

On June 30, 1961, the Master filed a Pretrial Memorandum with the court holding that Marks and Depix could not be held liable, by estoppel or otherwise, for infringements occurring after May 15, 1953. At the request of the defendant, he filed a Supplemental Pretrial Memorandum outlining what he considered to be the undisputed or adjudicated facts. The Master in his memorandum offered to "correct this outline in respect to any statement of fact in which I am in error." In his final report he states that neither party requested correction and the Master found that he was, hereafter, bound by prior court's finding that the damages ceased on May 15, 1953. His final report is based upon that same finding and is affirmed by this court.

Although many years have elapsed since the reference, I find that the Master has been diligent in performing his duties and that much of the delay in this action has been caused by the defendant trying to overreach on the question of damages.

In his final report, to which objections have been filed, the Master has made two alternative findings of recoverable damages; and the court adopts and confirms the award of damages based on a reasonable royalty of 10% and rejects the other method which would call into play questions of settlements of associated suits in another district. The court overrules all objections to the Master's Report and adopts and confirms it.

Judgment is to be entered for the defendant Polaroid in the amount of $4,565 without costs. In denying costs to the defendant the court takes into consideration, as one factor, the various overreaching claims of the defendant as to amount of its damage as well as its efforts to include in the accounting before the Master various other parties who were not parties to the litigation itself. The court is of the opinion that the hearings before the Master would have terminated much sooner had the defendant taken a reasonable view as to the amount of its recoverable damages.